UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Civil Action Case No.: 4:14-cv-04787-RBH

"IN ADMIRALTY"

IN THE MATTER OF:

The Complaint of ATLANTIC WATERSPORTS, INC., as Owner of a 2013 Bombardier GTS130 Jet Ski bearing Hull Identification Number YDV43469C313, its Engines, Tackle, Appurtenances, Equipment, Etc., in a cause of Exoneration from or Limitation of Liability,

          Petitioner.
_____/

## ORDER FOR *AD INTERIM* STIPULATION FOR VALUE AND COSTS

A Complaint having been filed herein by Petitioner as Petitioner Atlantic Watersports, Inc. as owner of a 2013 Bombardier GTS130 Jet Ski bearing Hull Identification No. YDV43469C313, its Engines, Tackle, Appurtenances, Equipment, etc. at the time of an incident for which a claim may have arisen (the "Vessel"), pursuant to Rule F, Supplemental Rules for Admiralty and Maritime Claims, claiming benefit of exoneration from or limitation of liability as provided in 46 U.S.C.A. § 30501 *et seq.* as amended and supplemented, and also contesting liability independently of the limitation of liability claim under such statutes, treaties, or codes for any loss, damages, death(s), personal injuries, damage or destruction of property or other occurrences arising from the incident described in the Complaint, which occurred on or about July 4, 2013 in navigable waters of the United States and the facts and circumstances upon which such exoneration from or limitation of liability is claimed.:

Petitioner having deposited with the Court for the benefit of claims an *Ad Interim* Stipulation for Value and Costs for the value of Plaintiff's interest in the Vessel, her pending

freights, if any, as fixed by the Court in the amount of $6,883.00 and including court costs and interest at a rate of up to six percent (6%) per annum from the date hereof, and filed by the Petitioner, be and hereby is accepted as adequate security, and is approved as to form and content.

IT IS HEREBY ORDER AND ADJUDGED that Petitioner and any Claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the value as fixed in the *Ad Interim* Stipulation for Value and Costs, subject to such increases and decreases in the amount of the stipulation, together with adequate security, as the Court may Order from time to time according to the rules and practices of the Court; Petitioner and any Claimant may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or decreased, as the case may be, on the determination by the Court of the amount or value of said interest or to carry out the provisions of 46 U.S.C. § 30501, et seq. for personal injuries or death.

IT IS FURTHER ORDERED AND ADJUDGED that if the amount of the *Ad Interim* Stipulation for Value and Costs is not contested by any Claimant, said *Ad Interim* Stipulation for Value and Costs shall stand as a stipulation for value and an appraisal by a Commissioner will not be required; and,

NOW THEREFORE it is ORDERED that a Monition and Injunction issue out of this Court against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, or death caused by or resulting from the casualty set forth in the Complaint, requiring them to file their claims with the Clerk of the United States District Court for the District of South Carolina **on or before January 29, 2015** and to serve on Plaintiff's attorneys, Richard S. Dukes, Jr. and Jeffrey T. Stover of Turner Padget Graham & Laney, P.A., 40 Calhoun

Street, Suite 200, Charleston, South Carolina, 29401, a copy thereof, or be defaulted and if any claimant desires to contest Plaintiff's right to exoneration from or limitation of liability, Claimant shall file and serve Plaintiff's attorney an Answer to the Complaint on or before such date in this Court or be defaulted; and

IT IS FURTHER ORDERED that a public notice of said Monition be given by publication as required by Supplemental Rule F, Certain Rules for Admiralty and Maritime Claims, once per week for four consecutive weeks in the Horry Independent prior to the date fixed for filing of claims, and that not later than the second weekly publication, a copy of such notice be mailed by the Plaintiff to every person or corporation known to have a claim against Plaintiff arising out of the accident referenced in the Complaint including the three individuals named in the Complaint;

IT IS FURTHER ORDERED, that the commencement or further prosecution of any actions, suits, or legal proceedings in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, or any nature or description against Plaintiff, the vessel, or any other property of Plaintiff with respect to any claims for which Plaintiff seeks exoneration from or limitation of liability herein including any claim arising out of, or connected with the casualty described in the Complaint, be and hereby are **STAYED, ENJOINED, AND RESTRAINED** until the final determination of this proceeding or further order of this Court; and,

IT IS FINALLY ORDERED that the service of this Order as a Restraining Order may be made in the usual manner as any other district of the United States by delivery to the Marshal of the United States for such District of a certified copy of this Order on a person or persons to be restrained, including the three individuals named in the Complaint, or to the respective attorneys,

or alternatively by mailing a conformed copy of it to the person or persons to be restrained or their respective attorneys.

    IT IS SO ORDERED.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
December 29, 2014